UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X   Case No.

MARK KASPIEV,

                      Plaintiff,

    -against-                                    **COMPLAINT**

                                                                 **Jury Demand**

EAGLE ROCK MANAGEMENT LLC and
ADAM SEELIG,

                      Defendants.
-------------------------------------------------------X

Plaintiff MARK KASPIEV ("Plaintiff" or "Mr. Kaspiev"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants EAGLE ROCK MANAGEMENT LLC ("Eagle Rock", "Defendant" or the "Company") and ADAM SEELIG ("Individual Defendant" or "Mr. Seelig,") the following:

## NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA") and New York State Executive Law §296 *et seq.* ("NYSHRL" or "State Law") based on the Company's discriminatory termination of Plaintiff's employment because of his disability.

2. Defendants knowingly violated Plaintiff's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

3. Damages and other legal relief are sought pursuant to the ADA and the NYSHRL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's State Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

## PARTIES

### *Plaintiff*

6. At all relevant times, Plaintiff was a resident of New York State.

7. Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

8. Plaintiff was at all times a "person" within the meaning of State Law, protected from discrimination on the basis of disability.

9. Plaintiff was an individual with a disability under the ADA and State Law.

### *Defendants*

10. Throughout the relevant time period, Defendants were Plaintiff's employers.

11. Corporate Defendant is a property management company which maintains a principal place of business at 1670 Old Country Rd # 227, Plainview, NY, 11803.

12. Individual Defendant is an officer, owner, or manager of Corporate Defendant

and exercises operational control over the Corporate Defendant's operations.

13. The Individual Defendant makes and/or made hiring and firing, scheduling, and payroll decisions on behalf of the Corporate Defendant.

14. Individual Defendant was Plaintiff's employer and is individually liable to Plaintiff.

15. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA.

16. At all relevant times hereto, Defendants has continuously been doing business in the State of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definition of State Law.

## FACTUAL ALLEGATIONS
*Background regarding Plaintiff's Employment*

17. Plaintiff commenced employment as a regional property manager with Defendants on April 1, 2017.

18. Plaintiff managed a 232-unit property, Mid Island Apartments, located at 35 Penataquit Ave, Bay Shore, NY, 11706.

19. At all times during his employment, Plaintiff carried out his job duties with diligence and care, consistently meeting or exceeding the Company's legitimate performance expectations.

20. Plaintiff regularly received glowing customer reviews referring to his courtesy, professionalism, and excellent service.

## *Plaintiff's Disability*

21. On October 7, 2021, Plaintiff suffered a motorcycle accident, breaking several bones, shattering his left leg, and requiring immediate emergency surgery.

22. Plaintiff was in the hospital for two weeks, during which he informed his manager, Adam Seelig, and the building superintendent, Ramkaran Pooran, of his injuries.

23. While he was recovering, Mr. Kaspiev spoke to Mr. Seelig about his timeline for returning to work; at that time, Mr. Seelig reassured him that his job would be there when he was ready for it and not to worry.

24. Ten days after he became disabled, Mr. Kaspiev's computer access was revoked.

25. Mr. Kaspiev spent another two weeks in physical therapy before returning home a month after his accident, on November 7, 2021.

26. On November 14, Mr. Kaspiev contacted Vinely Day, the head of Human Resources for Eagle Rock, to discuss what paperwork he needed to file for medical leave.

27. Ms. Day did not respond to this email.

28. Mr. Kaspiev emailed Ms. Day again on December 1, and Ms. Day responded directing him to complete paperwork from his doctor.

29. Unfortunately, Mr. Kaspiev overlooked this email.

30. However, throughout December, Mr. Kaspiev frequently emailed and communicated with Ms. Day regarding other matters, and at no time did Ms. Day reiterate the need for him to submit paperwork.

31. Throughout his leave, Mr. Kaspiev also spoke multiple times with Mr. Seelig, whose message shifted from reassurances that Mr. Kaspiev would be able to return to his previous job to indications that there may not be a job for Mr. Kaspiev on Long Island or

possibly in the entire state of New York.

32. Beginning in early January 2022, Mr. Kaspiev told Mr. Seelig that he was ready to work but that he needed an accommodation for his disability.

33. Plaintiff was on crutches and would not be able to walk around the property to ensure cleanliness or lease apartments, but could perform all other work tasks.

34. Cleaning the building was one of Mr. Pooran's tasks and was not an integral part of Plaintiff's job.

35. Mr. Pooran had also shown apartments in the past and could easily have taken on this task while Plaintiff recovered from his injuries.

### *The Company's Unlawful Termination of Plaintiff*

36. A few days before Thanksgiving, Mr. Pooran knocked on Mr. Kaspiev's door with a box of belongings gathered from his desk in the Leasing Office, stating that the Company needed room for a new employee.

37. Confused, Mr. Kaspiev called Mr. Seelig, asking why his desk had been cleared out when there were other open desks for any new employees to use.

38. Mr. Seelig responded: "this is a 50 million dollar property, we need to have someone operate it."

39. Mr. Kaspiev asked Mr. Seelig whether he was being fired.

40. Mr. Seelig responded, "We'll find something for you, but you won't be able to come back to Mid Island Apartments."

41. Mr. Seelig repeatedly stated that he would find Mr. Kaspiev a position, but ultimately never did.

42. Mr. Kaspiev emailed Ms. Day on January 26 to find out whether he could file

for unemployment and what he should use as his last day of work.

43. Ms. Day replied the next day, stating that the "choice" for Mr. Kaspiev to not return was not the Company's but rather due to his disability, therefore he was not eligible for unemployment.

44. Mr. Kaspiev responded by making clear that he was prepared to return to work with reasonable accommodations and that he could provide a doctor's note to that effect.

45. Ms. Vinely never replied.

46. Through March 2022, Mr. Seelig continued to promise Mr. Kaspiev a position.

47. The Company never restored Mr. Kaspiev to any position.

48. The Company unlawfully terminated Mr. Kaspiev's employment.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Disability**
**in Violation of the ADA)**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants were aware that Plaintiff had a disability.

51. Defendants willfully violated the ADA when they terminated Plaintiff's employment because of his disability and denied him an accommodation.

52. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

53. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff

has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION

**(Retaliatory Termination of Employment
under the ADA)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Plaintiff engaged in protected activity when he asserted his rights by requesting an accommodation.

56. Defendants willfully violated the ADA when they terminated Plaintiff's employment because he requested an accommodation.

57. As a proximate result of Defendants' unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

58. As a proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION
**(Discrimination Based on Disability
in Violation of State Law)**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants were aware that Plaintiff had a disability.

61. Defendants willfully violated State Law when they terminated Plaintiff's

employment because of his disability and denied him an accommodation.

62. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

63. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FOURTH CAUSE OF ACTION**
**(Retaliatory Termination of Employment**
**under State Law)**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Plaintiff engaged in protected activity when he requested a reasonable accommodation.

66. Defendants willfully violated State Law when they terminated Plaintiff's employment because he complained and requested an accommodation.

67. As a proximate result of Defendants' unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

68. As a proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FIFTH CAUSE OF ACTION**
**(Failure to Engage in a Cooperative Dialogue**

**In Violation of City Law)**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

70. By the acts and practices described above, Defendants unlawfully failed to engage in a cooperative dialogue in violation of the City Law.

71. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

72. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment granting:

i. back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

ii. liquidated damages;

iii. reasonable attorneys' fees and costs incurred in this action; and

iv. any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: August 24, 2023

                                                      Respectfully submitted,

                                                    **FISHER TAUBENFELD LLP**

                                                  By: _____
                                                      Liane Fisher, Esq. (LF5708)
                                                      *Attorneys for Plaintiff*
                                                      225 Broadway, Suite 1700
                                                      New York, New York 10007
                                                      Phone: (212) 571-0700
                                                      Fax: (212) 505-2001