UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARK KASPIEV,

        Plaintiff,

        v.

EAGLE ROCK MANAGEMENT LLC and
ADAM SEELIG,

        Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-06370-SJB-SIL

**BULSARA, United States District Judge:**

    Plaintiff Mark Kaspiev ("Kaspiev") filed this action for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL") against his former employers Defendants Eagle Rock Management LLC ("Eagle Rock") and Adam Seelig ("Seelig") in his personal capacity (collectively, "Defendants"). In briefing Defendants' motion for summary judgment, Kaspiev abandoned several causes of action, including all his federal claims. For the reasons explained, the Court grants Defendants' motion for summary judgment on the abandoned claims and declines to exercise supplemental jurisdiction over the remaining state claims.

## BACKGROUND

    Kaspiev began this action on August 24, 2023, (Compl., Dkt. No. 1), and filed an amended complaint on December 1, 2023, (Am. Compl., Dkt. No. 16). The Amended Complaint asserted four causes of action: (1) discrimination based on disability in

violation of the ADA, (*id.* ¶¶ 53–57); (2) retaliatory termination of employment under the ADA, (*id.* ¶¶ 58–62); (3) discrimination based on disability in violation of NYSHRL, (*id.* ¶¶ 63–67); and (4) retaliatory termination of employment under NYSHRL, (*id.* ¶¶ 68–72).  On December 22, 2023, Defendants asserted a counterclaim against Kaspiev for use and occupancy and quantum meruit.  (Defs.' Answer & Counterclaim, Dkt. No. 17 at 15–17).  Following the close of discovery, the Court adopted the parties' briefing schedule for Defendants' motion for summary judgment.  (Order dated Feb. 12, 2025).  Briefing was completed on June 2, 2025.  (Dkt. Nos. 34–39).

## DISCUSSION

### I.   Abandoned Claims

Defendants moved for summary judgment on all of Kaspiev's claims and their counterclaim.[1]  (Defs.' Mot. for Summ. J. ("Defs.' Mot."), Dkt. No. 37).  In response, Kaspiev (without explanation) withdrew his First and Second Causes of Action for disability discrimination and retaliation under the ADA and his Fourth Cause of Action for retaliation under NYSHRL.  (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n"), Dkt. No. 38 at 1, 7).

---

[1] A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "In determining whether summary judgment is appropriate, [the Court] must resolve all ambiguities and draw all reasonable inferences against the moving party."  *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

2

"It is at the time of the motion for summary judgment that a party can decide which claim to pursue and which not." *Ruradan Corp. v. City of New York*, No. 22-CV-3074, 2024 WL 1555230, at *5 (S.D.N.Y. Apr. 10, 2024) (citing *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014)). "Where a partial response to a motion [for summary judgment] is made—*i.e.*, referencing some claims or defenses but not others . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip. Ltd*, 716 F. App'x 5, 14 (2d Cir. 2017) (quoting *Jackson*, 766 F.3d at 197–98); *see also Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 143 (2d Cir. 2016) (deeming claims abandoned where plaintiff "fail[ed] to argue that they should survive [defendant's] motion for summary judgment" while addressing other claims).

Of course, here, no inference is required. Kaspiev said he "withdraws his disability discrimination, retaliation, and failure-to-accommodate claims under federal law and retaliation claim under NYSHRL." (Pl.'s Opp'n at 1). Given the explicit withdrawal, the Court deems these claims abandoned and grants summary judgment for Defendants on these claims. *See Ziming Shen v. City of New York*, 725 F. App'x 7, 17 (2d Cir. 2018) (affirming the district court's dismissal of two claims "on the basis that [plaintiff's] opposition to summary judgment did not address those claims"); *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on [a] claim, [that] claim is deemed abandoned and summary judgment could be granted on

3

that basis alone.") (collecting cases); *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360, 2022 WL 4450999, at *27 (E.D.N.Y. Sep. 24, 2022) (granting defendants summary judgment as to counterclaims because plaintiff did not dispute or respond to them) (collecting cases).  The claims are dismissed with prejudice.[2]

## II.     Remaining State Law Claims

A district court may decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all federal law claims.  28 U.S.C. § 1367(c)(3); *see One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims[.]").  When deciding whether to exercise supplemental jurisdiction, courts weigh the factors of "judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds as recognized in Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39–41 (2025).  "[The Second Circuit] has held, as a general proposition, that 'if [all] federal claims are dismissed *before trial* . . ., the state claims should be dismissed as well."  *Motorola Credit Corp. v. Uzan*, 388 F.3d 39,

---

[2] Kaspiev asks the Court to dismiss his NYSHRL retaliation claim without prejudice.  (Pl.'s Opp'n at 7).  However, the cases he cites are inapposite.  Both are from the motion to dismiss stage.  *See Am. Choice Veterans Constr. Inc. v. City of New York*, No. 24-CV-6522, 2025 WL 1267447, at *7 (S.D.N.Y. May 1, 2025), *appeal docketed*, No. 25-1380 (2d Cir. May 29, 2025); *Dominguez v. Bd. of Educ. of Yonkers City Sch. Dist.*, No. 23-CV-2460, 2025 WL 1285862, at *4 (S.D.N.Y. May 2, 2025).  But, here, Kaspiev elected to withdraw the NYSHRL retaliation claim, while simultaneously opposing summary judgment on the remaining state law claims.  In doing so, he abandoned his opposition to dismissal of the claim on the merits.  As such, dismissal with prejudice is warranted.

56 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991)); *see also Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *3 (2d Cir. Apr. 27, 2022) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)).

Defendants argue that the Court should exercise supplemental jurisdiction over the remaining state discrimination claim and counterclaim. (Defs.' Reply in Supp. of Mot. for Summ. J. ("Defs.' Reply"), Dkt. No. 39 at 3).[3] Although courts may exercise supplemental jurisdiction even when all federal-law claims are eliminated before trial, they are "under no obligation to do so." *Klaper v. Cypress Hills Cemetery*, 593 F. App'x 89, 90 (2d Cir. 2015) (affirming declination of jurisdiction over NYSHRL and NYCHRL claims following summary judgment); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) ("[S]upplemental jurisdiction is a doctrine of discretion, not of plaintiffs' right . . . [i]n providing that a district court 'may' decline to exercise [supplemental] jurisdiction, [§ 1367(c)] is permissive rather than mandatory."

---

[3] Although the issue of supplemental jurisdiction did not arise until Kaspiev's response brief, both sides had an opportunity to brief the issue in their summary judgment papers (with Defendants doing so in reply). The Court finds that no separate, additional opportunity to be heard is required. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 84 (2d Cir. 2018) ("[A]n opportunity to be heard on whether to exercise supplemental jurisdiction may be inherent in the course of pre-trial proceedings such as those resolving motions to dismiss or for summary judgment.").

5

(quotations omitted)).  That Defendants cite to cases with seemingly comparable procedural postures where the court elected to exercise jurisdiction does not undermine the discretionary nature of this determination or compel a contrary result.  (*See, e.g.*, Defs.' Reply at 3 (citing *Howard v. City of New York*, 62 F. Supp. 3d 312, 323 (S.D.N.Y. 2014) (electing to exercise supplemental jurisdiction over a state discrimination claim in a two-year-old case but noting that the "decision whether to exercise [ ] jurisdiction after dismissing every claim over which [a court] had original jurisdiction is purely discretionary." (quotation omitted)))).

      Here, while this action has been pending for two years, and Defendants would prefer to continue litigation in this forum, weighing the values of judicial economy, convenience, fairness, and comity, the Court finds no reason to exercise supplemental jurisdiction over the remaining state claims.  Defendants argue that they "would be prejudiced if [Kaspiev] is allowed to restart his vexatious litigation in State court," (Defs.' Reply at 3), but do not explain how, and the Court finds no obvious prejudice. The discovery from this case could be used in any state proceeding and the litigation would not, in practical terms, begin anew.  Defendants also imply that Kaspiev's withdrawal of federal claims is an attempt to "manipulate the forum," (*id.*), but again, provide no argument in support of their contention.  In fact, the Court has mitigated any prejudice by dismissing the abandoned claims, including one state claim, with prejudice.  Nor does either party allege that the New York courts are ill-suited to

6

adjudicate the remaining claims.[4] The remaining claims, *inter alia*, raise questions of interpretation of NYSHRL that are distinct from the federal equivalent and should be heard in state court.[5]

In all, this matter presents the "usual case in which all federal-law claims are eliminated before trial." *Catzin*, 899 F.3d at 85. The Court dismisses the remaining claims without prejudice for lack of subject matter jurisdiction. *See, e.g.*, *Brown v. Vitucci*, No. 22-1070, 2023 WL 2961730, at *3 n.3 (2d Cir. Apr. 17, 2023) (affirming district court's decision to decline to exercise supplemental jurisdiction over state law claims after it had granted summary judgment dismissing all federal claims); *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 268 (E.D.N.Y. 2015) (granting summary judgment on

---

[4] Nor could they, as courts "routinely decline to exercise supplemental jurisdiction over a plaintiff's NYSHRL . . . claims after dismissing all federal claims." *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-CV-7163, 2025 WL 327973, at *11 (E.D.N.Y. Jan. 29, 2025) (collecting cases), *appeal docketed*, No. 24-490 (2d Cir. Mar. 4, 2025); *e.g.*, *Tojzan v. N.Y. Presbyterian Hosp.*, No. 00-CV-6105, 2003 WL 1738993, at *9 (S.D.N.Y. Mar. 31, 2003) (declining to retain jurisdiction over pendent NYSHRL claims after dismissing ADA claims because questions relating to NYSHRL claims are "best left to the courts of the State of New York").

[5] For example, Kaspiev contends that summary judgment should be denied as to his disability discrimination claim under the NYSHRL given Defendants' failure "to engage in the cooperative dialogue with him to determine a reasonable accommodation for his disability," which he argues is "itself a violation of NYSHRL." (Pl.'s Opp'n at 2). Defendants dispute the applicability of the "cooperative dialogue" standard under NYCHRL to state law, (Defs.' Reply at 4 n.2), and whether failure to engage in the interactive process is a *per se* violation of NYSHRL, (*id.* at 5). Such issues are unique to New York law and best left to the state forum to resolve since federal jurisdiction is merely optional. *See Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 168–69 (S.D.N.Y. 2020) ("Allowing Plaintiff to pursue her [NYSHRL] claims in state court would avoid needless decisions of state law [on emerging, undecided questions of state disability law]." (quotation omitted)), *aff'd*, 2021 WL 5986999 (2d Cir. Dec. 17, 2021).

7

ADA claim and dismissing without prejudice the "analogous claims brought under NYSHRL and NYCHRL").

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment on Kaspiev's federal claims and the state retaliation claim and dismisses them with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claim and counterclaim and dismisses them without prejudice. The Clerk is directed to enter Judgment and close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  January 2, 2026
       Central Islip, New York

8